Whitney Stark (OSB No. 090350)
**ALBIES, STARK & GUERRIERO**
1500 SW First Avenue, Suite 1000
Portland, Oregon 97201
Telephone: (503) 308-4770
Facsimile: (503) 427-9292
whitney@albiesstark.com

Carolyn H. Cottrell (SBN 166977)*
David C. Leimbach (SBN 265409)*
Robert E. Morelli (Tenn. BPR No. 037004)*
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
rmorelli@schneiderwallace.com
*Pro Hac Vice Forthcoming*

*Attorneys for Plaintiff, the Collective and the Class*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| CHRISTOPHER REED, on behalf of himself and all others similarly situated, | Case No.: |
| *Plaintiff,* | **CLASS AND COLLECTIVE ACTION COMPLAINT FOR:** |
| v. | **(1) Violations of the Fair Labor Standards Act for Minimum Wages (29 U.S.C. §§ 201,** *et seq.***)** |
| SPARK DRIVER, WALMART, INC., and DELIVERY DRIVERS, INC., | **(2) Violations of the Fair Labor Standards Act for Overtime Wages (29 U.S.C. §§ 201,** *et seq.***)** |
| *Defendants.* | **(3) Failure to Pay Minimum Wages (ORS § 653.261 and OAR 839-020-0030)** |

CLASS AND COLLECTIVE ACTION COMPLAINT
Page No. 1

(4) **Failure to Pay Straight Time Wages (ORS § 653.261 and OAR 839-020-0030)**
(5) **Failure to Pay Overtime Wages (ORS § 653.261 and OAR 839-020-0030);**
(6) **Unlawful Deductions of Wages (ORS § 652.610);**
(7) **Waiting Time Penalties (ORS § 652.140).**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1.     Plaintiff Christopher Reed (collectively "Plaintiff") brings this Class and Collective action on behalf of himself and other similarly situated individuals against Spark Driver ("Spark"); Delivery Driver, Inc. ("DDI"); and Walmart, Inc. ("Walmart") (collectively "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and Oregon wage and hour laws.

2.     This action stems from Defendants' policies and practices of: (1) failing to pay minimum wages to Plaintiff, Classes and Collective Members; (2) failing to pay all overtime wages to Plaintiff, Classes and Collective Members; (3) failure to pay straight-time wages to Plaintiff, Classes and Collective Members; (4) failing to provide true and accurate itemized wage statements to Plaintiff and Classes Members; and (5) failing to timely pay Plaintiff and members of Classes all wages due upon separation from employment.

3.     Plaintiff seeks damages, penalties, and interest to the full extent permitted by the FLSA, and Oregon Labor Code, as well as other relief requested herein.

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 216(b) of the FLSA. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. This Court has supplemental jurisdiction over the Oregon

CLASS AND COLLECTIVE ACTION COMPLAINT
Page No. 2

state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

5.      The Court has personal jurisdiction over Defendants because Defendants do business in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in this District.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiff was employed in this District and the claims asserted arose in this District. At all material times Defendants have been actively conducting business in the State of Oregon and within the geographic area encompassing the Portland Division of the State of Oregon.

## PARTIES

7.      Plaintiff is an individual over the age of eighteen, and at all times mentioned in this Complaint is a resident of the State of Oregon.

8.      Plaintiff Reed has been employed by Defendants as a Delivery Driver from approximately September 2022 until November 16, 2023, when Defendants terminated his employment. Plaintiff completed deliveries throughout Grants Pass, Oregon.

9.      Plaintiff is classified by Defendants as an independent contractor.

10.     Plaintiff Reed consents to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b). Plaintiff's Consent to Join is attached hereto as **Exhibit A**.

11.     Plaintiff is informed, believes, and thereon alleges that Defendant Walmart is an Arkansas company headquartered in Bentonville, Arkansas. Defendant Walmart is registered to do business in Oregon. DDI was acquired by Walmart. DDI is headquartered in Irvine, California. They provide drivers through the Spark platform to make deliveries from Walmart stores to customer homes.

**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

12.    Defendants do business in the State of Oregon and employ and employed delivery driver employees, including Plaintiff, Classes and Collective Members in the State of Oregon.

13.    Defendants exercise control over Plaintiff, Classes and Collective Members with respect to their employment.

14.    Plaintiff and Collective Members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

15.    At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

16.    Plaintiff is informed, believes, and thereon alleges that Defendants have had, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

17.    In addition to Plaintiff, Defendants have employed numerous other employees in other states who, like Plaintiff, are delivery driver employees who are paid on a "per order" basis who primarily deliver products from Walmart locations and to customers' homes.

18.    Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, and that said acts and failures to act were within the course and scope of Defendants' agency, employment and/or direction and control.

19.    At all material times, Plaintiff and Collective Members were employees who engaged in commerce or in the production of goods for commerce on behalf of Defendants as required by 29 U.S.C. § 207.

CLASS AND COLLECTIVE ACTION COMPLAINT
Page No. 4

20.    At all material times, Defendants have done business under the laws of Oregon, have had places of business in Oregon, including in this District, and have employed Classes and Collective Members in this District.

## FACTUAL ALLEGATIONS

21.    Defendant Walmart is a retail company that operates throughout Oregon and employs hundreds of hourly, non-exempt workers in Oregon. Walmart is also involved in interstate commerce and provides products to their customers across the United States.

22.    Plaintiff, Collective members, and members of the Classes are involved in interstate commerce in the course of their job duties as they are involved in in transporting goods that have moved across state borders.

23.    Defendant DDI provides human resources, recruiting, insurance, accounting, and payment services to manage the independent contract delivery drivers. Walmart and DDI began a business relationship in 2018 when they launched the Spark Driver program in New Orleans to provide a delivery service for consumers. In 2022, Walmart acquired DDI through a confidential acquisition deal.

24.    Spark Driver, is the platform that Plaintiff, Collective members, and Classes use to view and accept orders, track deliveries, and view their earnings.

25.    Walmart, DDI, and Spark jointly employ and/or are a single employer of Plaintiff, Collective members, and Classes. They collectively manage and control Plaintiff's driving routes, determine how much Plaintiff is paid for each delivery, and provide the platform that Plaintiff uses to accept orders.

26.    Plaintiff Reed began working for Defendants as a Delivery Driver from approximately September 2022 and currently works for them. He is misclassified as an

CLASS AND COLLECTIVE ACTION COMPLAINT
Page No. 5

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

independent contractor. Plaintiff, Classes and Collective members are compensated per order picked up. Plaintiff, Classes and Collective members cannot bargain for their pay rate for these orders and are required to follow the policies and procedures provided by the company. Defendants also impose a 3-delivery minimum on Plaintiff, Classes and Collective members.

27.     Plaintiff delivers to Defendants' customers throughout Grants Pass, Oregon. Plaintiff's primary duties include, but are not limited to, bagging customer groceries, inspecting customer orders to confirm that orders are correct, and delivering groceries to request customer homes.

28.     Plaintiff Reed is a delivery driver and paid on a "per order" basis.

29.     Although Plaintiff's shifts vary in length, he usually works approximately 80 hours per week. Upon information and belief, putative Classes and Collective members work the same or similar hours during their respective workweeks and are also paid on a "per order" basis. Plaintiff should be classified as an hourly, non-exempt employee.

30.     Defendants regularly fail to pay Plaintiff, Classes and Collective Members for all hours worked.[1] Defendants regularly require Plaintiff, Classes and Collective Members to perform work without compensation. Defendants' policies and practices cause Plaintiff, Classes and Collective Members to work without compensation because they are not paid for all time worked. For example, Plaintiff worked approximately 80 hours per week. He would be compensated approximately $8.00 per delivery, regardless of whether he had already worked 40 or more hours in a week. In other words, Plaintiff was never paid 1.5 times his regular rate of pay for any hours worked in excess of forty (40) per workweek.

/ / /

---

[1]The putative Classes and Collective includes current and former employees. For ease of discussion, the allegations herein are made in the present tense.

CLASS AND COLLECTIVE ACTION COMPLAINT
Page No. 6

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

31.     Plaintiff should be compensated at minimum wage, straight time rates, and/or overtime rates for the hours he worked. For example, Plaintiff estimates he regularly works around 12.5 hours per week for 5 days a week. (6.25 hours per week). This means he should be paid *at least* $534.68 per week. ($290.00 for 40 hours at $7.25 and $244.68 for 22.5 hours at $10.87). However, due to the "per delivery" nature of Defendants' pay scheme, Plaintiff's (and Classes and Collective members') wages often fall under this $7.25 per hour threshold, when calculated on a workweek basis.

32.     Moreover, this time spent working goes unrecorded and uncompensated even though it should be compensated at minimum wage and/or overtime rate under Oregon law and/or under the FLSA and Oregon law, giving rise to minimum and overtime wage violations.

33.     Plaintiff is informed, believes, and thereon alleges that all delivery driver employees of Defendants are misclassified as independent contractors and subject to the same or similar unlawful compensation practices and mechanisms.

34.     Plaintiff and members of Classes are also required to pay out of pocket for necessary business expenses, like gas mileage and phone data usages, incurred in the performance of their work duties for Defendants. However, Defendants do not fully reimburse them for these expenses. For example, Plaintiff and members of the Classes are required to use their personal phones to utilize the Spark platform to accept and receive orders. Additionally, they are required to drive their personal vehicles to complete deliveries. These expenses have caused Plaintiff, Collective, and Classes' members pay to fall below minimum wage.

35.     Defendants' common course of wage-and-hour abuse also includes routinely failing to maintain true and accurate records of the hours worked by Plaintiff and Classes'Members. In

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

particular, Defendants fail to record the hours Plaintiff and members of Classes worked off-the-clock in violation of **ORS § 652.610**.

36.     As a result of the aforementioned violations, Plaintiff and Classes Members are provided with untrue and inaccurate wage statements as such statements do not include payments for all hours worked, including minimum wages and overtime rates in violation of **ORS § 652.610**. The wage statements also do not include the applicable hourly rates in effect during the pay period.

37.     Additionally, Plaintiff and members of the Classes do not receive all wages owed during employment and following separation from employment, including minimum wage and overtime compensation for time spent working while off-the-clock giving rise to waiting time penalties. **ORS § 652.140**.

38.     Classes and Collective Members are employed by Defendants and perform work materially similar to Plaintiff. That is, putative Classes and Collective Members also drive vehicles in the scope of their employment for Defendants.

39.     Classes and Collective Members report to stores owned, operated, or managed by Defendants to perform their jobs.

40.     Classes and Collective Members perform their jobs under Defendants' supervision using materials and technology approved and supplied by Defendants such as the application to accept and receive customer orders.

41.     Classes and Collective Members are required to follow and abide by Defendants' common work, time, and pay policies and procedures in the performance of their job duties.

/ / /

/ / /

CLASS AND COLLECTIVE ACTION COMPLAINT
Page No. 8

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

42.    At the end of each pay period, Classes and Collective Members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

43.    Defendants pay Classes and Collective Members on a "per order" basis.

44.    Defendants' method of paying Plaintiff, Classes and Collective Members is willful and not based on a good faith and reasonable belief that their conduct complies with the FLSA and/or Oregon law.

45.    Defendants' unlawful conduct has been widespread, repeated, and consistent among Defendants' delivery driver employees.

46.    Defendants know or should know that its policies and practices are unlawful and unfair.

47.    Defendants' conduct is willful, carried out in bad faith, and causes significant damages to employees in an amount to be determined at trial.

### COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

48.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

49.    Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following collective of individuals.

50.    The proposed collective is defined as follows:

> **All current and former delivery drivers classified as independent contractors paid on a "per order" basis and employed by Defendants in the United States any time starting three years prior to the filing of this Complaint until resolution of this action (the "Collective").**

51.    Plaintiff reserves the right to establish additional sub-collectives as appropriate.

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

52.     Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA.

53.     Plaintiff is informed, believes, and thereon alleges that Collective Members have been denied compensation, including overtime wages, and would therefore likely join this collective action if provided with notice of their rights to do so.

54.     Plaintiff and the Collective Members are similarly situated, and Plaintiff' and Collective Members' claims arise from a common nucleus of operative facts and from Defendant's common policies and/or practices. Collective Members have substantially similar job duties and requirements. Like Plaintiff, Defendants subjected Collective Members to Defendants' common practices, policies, or plans that require them to work for Defendants without paying them overtime wages. Defendants' failure to pay overtime wages as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective members.

55.     This action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

    a.  Plaintiff and Collective Members were all misclassified as independent contractors;

    b.  Defendants maintained common scheduling systems and policies with respect to Plaintiff and similarly situated Collective Members, controlled the scheduling systems and policies implemented for Plaintiff and similarly situated Collective Members, and retained authority to review and revise or approve the schedules assigned to Plaintiff and similarly situated Collective Members;

CLASS AND COLLECTIVE ACTION COMPLAINT
Page No. 10

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

c.  Defendants maintained common timekeeping systems and policies with respect to Plaintiff and Collective Members;

d.  Defendants maintained common payroll systems and policies with respect to Plaintiff and Collective Members, controlled the payroll systems and policies applied to Plaintiff and Collective Members, and set the pay rates assigned to Plaintiff and Collective Members;

e.  Defendants assigned to Plaintiff and Collective Members similar job duties; and

f.  Defendants subjected Plaintiff and Collective Members to the same violations of the FLSA, such as, *inter alia*, failure to pay overtime compensation of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek.

56.  The similarly situated Collective Members are known to Defendants, are readily identifiable, and may be located through Defendants' records.  These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## **RULE 23 CLASS ACTION ALLEGATIONS**

57.  Plaintiff brings causes of action as a class action on behalf of themselves and the putative Classes pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Classes that Plaintiff seeks to represent are defined as follows:

**All current and former driver employees who classified as independent contractors were paid on a "per order" basis and worked for Defendants for at least 1week for more than 40 hours anywhere throughout Oregon at any time during the time**

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

**period starting two years prior to the filing of this Complaint until the resolution of this action (the "Overtime Class").**

**All current and former driver employees who classified as independent contractors were paid on a "per order" basis and worked for Defendants throughout Oregon at any time during the time period starting six years prior to the filing of this Complaint until the resolution of this action (the "Straight Time and Minimum Wage Class").**

58.    Plaintiff reserves the right to establish additional subclasses as appropriate.

59.    This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the Classes are easily ascertainable.

  a.    <u>**Numerosity**</u>: The potential Members of these classes are so numerous that joinder of all the Members of the Classes are impracticable. Plaintiff is informed and believes that the number of Class Members exceeds 100. This volume makes bringing the claims of each individual member of these Classes before this Court impracticable. Likewise, joining each individual member of the Classes as a plaintiff in this action is impracticable. Furthermore, the identities of the Classes will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Classes and Defendants.

  b.    <u>**Commonality**</u>: There are questions of law and fact common to Plaintiff and the Classes that predominate over any questions affecting only individual members of these Classes. These common questions of law and fact include, but are not limited to:

**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

i.    Whether Defendants misclassified Plaintiff and members of the Classes;

ii.   Whether Defendants fail to compensate Classes for all hours worked, including at minimum wage, straight-time wages, overtime and/or double time compensation, in violation of Oregon law;

iii.  Whether Defendants have a policy and/or practice of requiring Classes Members to be in the control of Defendants, spend time primarily for the benefit of Defendants, and work for Defendants off-the-clock and without compensation in violation of Oregon law;

iv.   Whether Defendants fail to reimburse members of the Classes for necessarily incurred business expenditures in violation of Oregon law;

v.    Whether Defendants fail to provide members of the Classes with timely, accurate itemized wage statements in violation of Oregon law;

vi.   Whether Defendants fail to timely pay members of the Classes for all wages owed upon termination of employment.

vii.  Whether Defendants violate Oregon law by:

(a)   failing to compensate members of the Classes for all hours worked, including at minimum wage and overtime wage compensation;

(b)   failing to provide members of the Classes with timely, accurate itemized wage statements; and

(c)   failing to timely pay Plaintiff and members of the Classes for all wages owed upon termination of employment.

CLASS AND COLLECTIVE ACTION COMPLAINT
Page No. 13

viii.    The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the Classes as alleged herein.

c.    **Typicality**: Plaintiff's claims are typical of the claims of the Classes. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiff and members of the Classes to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Classes.

d.    **Adequacy of Representation**: Plaintiff is a Member of these Classes, does not have any conflicts of interest with other members of the Classes, and will prosecute the case vigorously on behalf of the Classes. Counsel representing Plaintiff are competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

e.    **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to these Classes predominate over any questions affecting only individual members of the Classes. Each Classes' Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

60.    The Classes may also be certified because the prosecution of separate actions by the individual Members of the Classes would create a risk of inconsistent or varying adjudication

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

with respect to individual members of the Classes, and, in turn, would establish incompatible standards of conduct for Defendants.

61.    If each individual Member of the Classes were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Classes with Defendants' vastly superior financial legal resources.

62.    Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the Classes Members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

### FIRST CAUSE OF ACTION
**Failure to Pay Minimum Wage**
**Pursuant to 29 U.S.C. §§ 201, *et seq*.**
**(Individually and on Behalf of the Collective)**

63.    Plaintiff realleges and incorporate the foregoing paragraphs as though fully set forth herein.

64.    The FLSA requires that covered employees receive at least minimum wage compensation for all hours worked. 29 U.S.C. § 207(a)(1).

65.    At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e), 206(a) and 207(a).

66.    Defendants are covered employers required to comply with the FLSA's mandates.

67.    Defendants violated the FLSA with respect to Plaintiff and the Collective, by, inter alia, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated minimum wage. Defendant has also violated the

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c), thereby allowing Plaintiff and putative Collective members to prove their claims through their testimony and reasonable recollection of hours worked.

68.     Plaintiff and the Collective are victims of a uniform and company-wide compensation policy that has been applied to current and former exempt driver employees of Defendants, working throughout the United States.

69.     Plaintiff and the Collective are entitled to damages equal to the mandated pay, including minimum wage, within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

70.     Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

71.     As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, has been unlawfully withheld by Defendant from Plaintiff and the Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

72.     Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

<u>**SECOND CAUSE OF ACTION**</u>
**Failure to Pay Overtime**
**Pursuant to 29 U.S.C. §§ 201, *et seq*.**
**(Individually and on Behalf of the Collective)**

*/ / /*

CLASS AND COLLECTIVE ACTION COMPLAINT
Page No. 16

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

73. Plaintiff realleges and incorporate the foregoing paragraphs as though fully set forth herein.

74. The FLSA requires that covered employees receive overtime compensation of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206(a)(1), 207(a)(1).

75. At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

76. Defendants are covered employers required to comply with the FLSA's mandates.

77. Defendants violated the FLSA with respect to Plaintiff and the Collective, by failing to pay the legally mandated overtime premium for all hours worked over 40 hours per week. Defendants also failed to keep accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c), thereby allowing Plaintiff and putative Collective members to prove their claims through their testimony and reasonable recollection of hours worked.

78. Plaintiff and the Collective are victims of a uniform and company-wide compensation policy that has been applied to current and former exempt driver employees of Defendants, working throughout the United States.

79. Plaintiff and the Collective are entitled to damages equal to the mandated pay, including overtime premium pay within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendants have acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

80. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

81.     Overtime pay has been unlawfully withheld by Defendants from Plaintiff and the Collective as a result of Defendants' violations of the FLSA.  Accordingly, Defendants are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

82.     Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

<u>**THIRD CAUSE OF ACTION**</u>
**Failure to Pay Minimum Wages**
**Violations of ORS § 653.261 and OAR 839-020-0030**
**(Individually and on Behalf of Oregon Class Members)**

83.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

84.     Pursuant to ORS § 653.025, Defendants are required to pay Plaintiff and Oregon Class members a minimum wage rate no lower than ten dollars and twenty-five cents ($10.25) per hour commencing July 1, 2017, to June 30, 2018; ten dollars and seventy-five cents ($10.75) per hour commencing July 1, 2018, to June 30, 2019; eleven dollars and twenty-five cents ($11.25) per hour commencing July 1, 2019, to June 30, 2020; twelve dollars ($12.00) per hour commencing July 1, 2020, to June 30, 2021; twelve dollars and seventy-five cents ($12.75) per hour commencing July 1, 2021, to June 30, 2022; thirteen dollars and fifty cents ($13.50) per hour commencing July 1, 2022, to June 30, 2023; and fourteen dollars and twenty center ($14.20) per hour commencing July 1, 2023.

85.     Plaintiff and Oregon Class members are entitled to recover unpaid minimum wages under Oregon law for each hour of work time that the employee is gainfully employed.

/ / /

CLASS AND COLLECTIVE ACTION COMPLAINT
Page No. 18

86.    Plaintiff and Oregon Class members are also entitled to declaratory relief stating Defendants violated the statute, and continue to violate the statute, by incorporating and continuing to utilize the automatic time deduction policy as described above, during weeks in which Plaintiff and Oregon Class members work(ed) at least 40 hours.

87.    Plaintiff and Oregon Class members who are within the applicable statute of limitations are entitled to collect the difference between wages received then due in an amount to be proven at trial, together with attorney fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 9% per annum. See ORS § 652.200; ORS § 82.010.

## FOURTH CAUSE OF ACTION
### Failure to Pay Straight Time Wages
### Violations of ORS § 653.261 and OAR 839-020-0030
### (Individually and on Behalf of Oregon Class Members)

88.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

89.    Plaintiff and Oregon Class members are entitled to recover straight time wages under Oregon law for each hour of work time that the employee is gainfully employed.

90.    Plaintiff and Oregon Class members are also entitled to declaratory relief stating Defendants violated the statute, and continue to violate the statute, by incorporating and continuing to utilize the automatic time deduction policy as described above, during weeks in which Plaintiff and Oregon Class members work(ed) at least 40 hours.

91.    Plaintiff and Oregon Class members who are within the applicable statute of limitations are entitled to collect the difference between wages received then due in an amount to be proven at trial, together with attorney fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 9% per annum. See ORS § 652.200; ORS § 82.010.

/ / /

/ / /

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

**FIFTH CAUSE OF ACTION**
**Failure to Pay Overtime**
**Violations of ORS § 653.261 and OAR 839-020-0030**
**(Individually and on Behalf of Oregon Class Members)**

92.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

93.     Pursuant to ORS § 653.261, Defendants are required to pay Plaintiff and Oregon Class members one and one-half times their regular rate of pay for all hours worked in excess of forty in a given workweek, when those wages were due, but willfully failed to do so

94.     Plaintiff and Oregon Class members are also entitled to declaratory relief stating Defendants violated the statute, and continue to violate the statute, by incorporating and continuing to utilize the automatic time deduction policy as described above, during weeks in which Plaintiff and Oregon Class members work(ed) at least 40 hours.

95.     Plaintiff and Oregon Class members who are within the applicable statute of limitations are entitled to collect the difference between wages received then due and the overtime wages due in an amount to be proven at trial, together with attorney fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 9% per annum. See ORS § 652.200; ORS § 82.010.

**SIXTH CAUSE OF ACTION**
**Unlawful Deductions of Wages**
**Violations Of ORS § 652.610**
**(Individually and on Behalf of the Class)**

96.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

97.     Defendants deducted wages from Plaintiff and Oregon Class members for unidentified deductions, namely for deducting wages in the form of failing to compensate Plaintiff and Oregon Class members for "off-the-clock" work performed. Said withholdings were unauthorized and in violation of ORS § 652.610.

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

98.    As a result of Defendants' wrongful withholdings, Plaintiff and Oregon Class members are entitled to actual damages or $200 per violation, whichever is greater, for each violation pursuant to ORS § 652.615. Defendants are liable for unpaid wages and liabilities for unlawful deductions from wages for a period of six years from the date the wages were earned. ORS § 12.080(1).

99.    Because of Defendants' failure to pay Plaintiff's and Oregon Class members' wages within 48 hours after they were due, Plaintiff and Oregon Class members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS § 652.200.

100.    Because of Defendants' wrongful withholding from Plaintiff's and Oregon Class members' wages, Plaintiff and Oregon Class members are entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS § 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

<u>SEVENTH CAUSE OF ACTION</u>
**Final Pay Penalties**
**Violations of ORS § 652.140**
**(Individually and on Behalf of the Class)**

101.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

102.    ORS § 652.140 requires that, "[w]hen an employer discharges an employee or when employment is terminated by mutual agreement, all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination." See ORS § 652.140(1).

103.    ORS § 652.140 further requires that individuals who provide at least 48 hours' notice of an intent to quit must immediately be paid all wages earned and unpaid at the time their resignation becomes effective.  If the employee quits with less than 48 hours' notice, the employer must pay all wages earned and unpaid within five days."

CLASS AND COLLECTIVE ACTION COMPLAINT
Page No. 21

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

104.    ORS § 652.150 states that, "if an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, as provided in ORS § 652.140 . . . , then, as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced. See ORS § 652.150(1). Penalty wages are not to continue for more than 30 days from the due date. See ORS § 652.150(1)(a).

105.    Pursuant to ORS § 12.080, a six-year statute of limitations is applied for liability of unpaid regular wages. See, e.g., *Makaneole v. Solarworld Indus. Am., Inc*., No. 3:14-CV-1528-PK, 2016 WL 7856433, at *13 (D. Or. Sept. 2, 2016), report and recommendation adopted, No. 3:14-CV-01528-PK, 2017 WL 253983 (D. Or. Jan. 17, 2017) ("As to [plaintiff's claims] for unpaid regular wages, that claim is subject to a six-year statute of limitations[.]") (citing ORS § 12.080(1)).

106.    As described above, Defendant enacted a policy that deprives Plaintiff and Class members compensation for all hours worked, including work duties performed "off-the-clock." As a result, Defendant failed to pay Plaintiff and Class Members all wages due and owing after separation from employment in violation of ORS § 652.140.

107.    In failing to pay all wages due upon separation of employment, Defendant knew that Plaintiff and Class members had ended and possessed information regarding the hours worked and amount of wages due Plaintiff and Class members at the date of termination. Defendant was capable of paying all wages earned and due at termination.

108.    Defendant's failure to make payment of Plaintiff's and Class members' final wages when due was willful and continued for not less than 30 days.

/ / /

CLASS AND COLLECTIVE ACTION COMPLAINT
Page No. 22

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

109.    Because of Defendant's failure to make payment of final wages when due, Plaintiff is due statutory penalty wages of approximately $8,572.80,[2] pursuant to ORS § 652.150, for the continuation of Plaintiff's unpaid final wages for not less than 30 days. Likewise, Class members who ended their employment but were not fully compensated their total wages due and owing are likewise due statutory penalty wages pursuant to ORS § 652.150.

110.    Because of Defendant's failure to pay Plaintiff's and Class members' wages within the time required by law, Plaintiff and Class members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS § 652.200.

111.    Plaintiff and Class members seek statutory wages pursuant to ORS § 652.150; plus costs, disbursements and attorney fees pursuant to ORS § 652.200; plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

## RELIEF SOUGHT

112.    Plaintiff and Collective and Class members are entitled to recover their unpaid overtime wage compensation.

113.    Plaintiff and Collective members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b).

114.    Plaintiff and Collective members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

115.    Plaintiff and Collective members are entitled to declaratory relief stating Defendants' policies and practices as described herein are unlawful and in violation of the FLSA.

/ / /

---

[2] This calculation is subject to revision when Plaintiff has access to Defendants' time records and can then be calculated more accurately.

SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

116.    Plaintiff and Oregon Class members are entitled to recover back wages for improper deductions of wages under ORS § 652.610 for compensable time that was otherwise deducted from their pay, including uncompensated time worked "off-the-clock."

117.    Plaintiff and Oregon Class members are entitled to statutory penalty wages pursuant to ORS § 652.150, for the continuation of Plaintiff's and Oregon Class members' unpaid final wages for not less than 30 days for Defendants' violations of ORS § 652.140 (payment of wages upon termination of employment).

118.    Plaintiff and Oregon Class members are entitled to actual damages or civil penalties of $200 per violation, whichever is greater, for each violation of ORS § 652.610 (unlawful deduction from wages).

119.    Plaintiff and Oregon Class members are entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS § 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

120.    Plaintiff and Oregon Class members are entitled to declaratory relief stating Defendants' actions as described herein were and are unlawful.

## **PRAYER**

121.    For these reasons, Plaintiff and Class members respectfully request that judgment be entered in their favor awarding the following relief:

      a.    An order preventing Defendants from retaliating in any way against Plaintiff and any Class member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

/ / /

/ / /

CLASS AND COLLECTIVE ACTION COMPLAINT
Page No. 24

**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

b.  An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

c.  An order finding that Defendants violated the FLSA;

d.  An order finding Defendants violated the FLSA willfully;

e.  All unpaid wages due under the FLSA;

f.  An equal amount as liquidated damages as allowed under the FLSA;

g.  Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

h.  An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

i.  An order finding that Defendants violated Oregon law;

j.  All unpaid regular wages due under Oregon law to the extent same does not duplicate regular wages due under the FLSA;

k.  All unpaid overtime wages due under Oregon law to the extent same does not duplicate overtime wages due under the FLSA;

l.  All statutory penalty wages due under Oregon law;

m.  All actual damages or civil penalties of $200 per violation, whichever is greater, due under ORS § 652.610;

n.  All attorneys' fees, costs and disbursements as provided by Oregon law;

o.  Pre- and post-judgment interest in the amount of 9% per annum as provided by Oregon law; and

/ / /

CLASS AND COLLECTIVE ACTION COMPLAINT
Page No. 25

**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Phone: (415) 421-7100 • Fax: (415) 421-7105

p.  Such other and further relief to which Plaintiff and Class members may be

entitled at law or in equity.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff are entitled

to a jury.

Dated: January 9, 2024                  Respectfully Submitted,

*/s/ Whitney Stark*
Whitney Stark (OSB No. 090350)
**ALBIES, STARK & GUERRIERO**
1500 SW First Avenue, Suite 1000
Portland, Oregon 97201
Telephone: (503) 308-4770
Facsimile: (503) 427-9292
whitney@albiesstark.com

Carolyn C. Cottrell*
(ccottrell@schneiderwallace.com)
David C. Leimbach*
(dleimbach@schneiderwallace.com)
Robert E. Morelli, III*
(rmorelli@ schneiderwallace.com)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100; Fax: (415) 421-7105
*admission pro hac vice anticipated*

*Attorneys for Plaintiff, the Collective,*
*and the Class*

EXHIBIT A

**OPT-IN CONSENT FORM**
***Christopher Reed v. Spark Driver, et al.***
**United States District Court, District of Oregon**
**Civil Action No.**

| Name:   Christopher Reed | Date of Birth: ███ |
|---|---|
| Address: ████████ ████ | Phone No. 1: ████████<br>Phone No. 2:<br>E-mail Address: ████████ |

**CONSENT TO JOIN COLLECTIVE ACTION**
**Pursuant to the Fair Labor Standards Act, 29 USC. §§ 201, *et seq.***

1. I consent and agree to pursue my claims relating to and arising from the alleged violations of Defendants Walmart, Inc.; Delivery Drivers, Inc.; Spark Driver ("Defendants") of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* in connection with the above-referenced litigation.

2. I work as a independent contractor, **<u>driver</u>** for one or all of the Defendants in **<u>Oregon</u>** from approximately on or about **<u>September 2022</u>** to the **<u>present</u>**.

3. I understand that this litigation has been filed as a proposed collective action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* I hereby consent, agree, and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

4. I specifically authorize my attorneys, Schneider Wallace Cottrell Konecky LLP, to prosecute this lawsuit on my behalf and to negotiate a settlement of all claims I have against Defendant in this litigation.

5. If needed, I authorize Schneider Wallace Cottrell Konecky LLP to use this consent to re-file my claim in a separate lawsuit, arbitration, or proceeding against Defendant.

| 11 / 22 / 2023 _____ (Date Signed) | _~~signature~~_ _____ (Signature) |
|---|---|